IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCO MALDONADO, | § | |
| Petitioner, | § | |
| v. | § | 2:16-CV-0120 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Came for consideration the above-entitled motion filed by petitioner MARCO MALDONADO. For the reasons set forth below, petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

On July 6, 2015, petitioner pled guilty to the felony offense of convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A Presentence Report (PSR) prepared August 5, 2015 identified the applicable guideline for an offense to be § 2K2.1 of the United States Sentencing Guidelines (USSG). That section provides that if the defendant committed any part of the instant offense subsequent to obtaining at least two (2) prior convictions for either a crime of violence or a controlled substance offense the base offense level of 24 applies. § 2K2.1(a)(2). Petitioner had two (2) prior 1996 convictions one for unlawful possession of a prohibited weapon and one for possession with intent to distribute a controlled substance. On September 21, 2015, the United States District Judge sentenced petitioner to a term of 70 months imprisonment such sentence to run consecutive to any sentences imposed in Randall County, Texas. Petitioner did not directly appeal his

conviction to the United States Court of Appeals for the Fifth Circuit so it became final on October 5, 2015.

## II.
## PETITIONER'S ALLEGATIONS

In his motion to vacate, petitioner states his sentence was enhanced under USSG §2K2.1 (a)(2) which has been rendered unconstitutional by *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). He also appears to argue he does not have three (3) prerequisite violent felonies and/or serious drug offenses to enhance his sentence under §924(e) the Armed Career Criminal Act, that his Fifth Amendment rights have been violated and he is "actually innocent" of the residual clause application used to enhance his sentence.

## III.
## APPLICABILITY OF *JOHNSON*

In *Johnson*, the Supreme Court examined 18 U.S.C. § 924(e)(2)(B), the "residual clause," of the Armed Career Criminal Act (ACCA) which, if found applicable in a case, increased the minimum statutory sentence for repeat offenders convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). The Court concluded the language of the residual clause was unconstitutionally vague and increasing a sentence under the clause denied due process. The holding in *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, — U.S. —, 136 S.Ct. 1257, 194 L.Ed.2d 387 (April 18, 2016). Petitioner, however, was not sentenced under the ACCA, much less the residual clause of the ACCA. A review of petitioner's Presentence Report shows he was not enhanced under Chapter Four at all.[1]

---

[1] On July 11, 2016 petitioner filed a "Citation of Supplement Authority" in which he directs the Court to the holding in *Mathis v. United States*, 2016 WL 3434400, at *1 (U.S. June 23, 2016) which, like Johnson, deals with the ACCA. As discussed herein, petitioner was not enhanced under the ACCA and this argument is inapplicable.

Even if petitioner was sentenced as a "career offender" under the sentencing guidelines and to the extent he argues this, his claims fail. Petitioner's challenge is a challenge to the USSG guidelines applied to his case at sentencing. The Supreme Court has found, in analyzing *Johnson* challenges, the USSG guidelines "are not amenable to a vagueness challenge" under *Johnson*, despite a similarity in the language used in the "residual clauses" of the USSG guidelines and the ACCA. *See Beckles v. United States*, ____ U.S. ____, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017). This is because the guidelines, and their applications to a defendant's sentence by a District Judge, are discretionary, not mandatory. *Id.* Consequently, *Johnson* is not implicated in this case. Therefore, petitioner's claim is not cognizable under § 2255. Petitioner's motion to set aside, vacate or correct his sentence should be denied and his request for court appointed counsel is denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner MARCO MALDONADO be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _29th_ day of September, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).